UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>JACK PERSHING SEXTON and<br>RONALD CLAUDE KETTELLS,<br><br>　　　　　Defendants. | Case No. CR11-383RSL<br><br>ORDER GRANTING<br>MOTION TO COMPEL |

This matter comes before the Court on the United States' "Motion to Compel DNA Samples, Hair Samples, and Major Case Prints" (Dkt. # 46). The United States asks the Court to compel the Defendants to provide buccal swab DNA samples, hair samples, and major case prints so that it can compare them to samples found on items believed to have been used in the commission of the series of armed robberies for which each Defendant was indicted. The Court GRANTS the motion.

The Court notes that "the obtaining of physical evidence from a person involves a potential Fourth Amendment violation[1] at two different levels—the 'seizure' of the 'person' necessary to bring him into contact with government agents and the subsequent search for and seizure of the evidence." Dionisio, 410 U.S. at 8 (internal citation omitted). In this case, the first level is not at issue. An indictment has been returned

---

[1] There is no Fifth Amendment claim. United States v. Dionisio, 410 U.S. 1, 6 (1973).

ORDER GRANTING MOTION TO COMPEL - 1

against each Defendant, Dkt. # 23, and a neutral magistrate has found probable cause to seize each Defendant, Dkt. # 1. The Court thus moves to the second level question: whether, "'given all the circumstances set forth in the affidavit before [the Court] . . . there is a fair probability that contraband or evidence of a crime will be found in a particular place.'" United States v. Tan Duc Nguyen, 673 F.3d 1259, 1263 (9th Cir. 2012) (quoting Illinois v. Gates, 462 U.S. 213, 238 (1983)).

Notably, probable cause is established so long as the government demonstrates a "fair probability . . . 'or substantial chance of criminal activity.'" Id. at 1264 (citations omitted). And while a "more substantial justification" may be required in cases where a "substantial" bodily intrusion is sought, Winston v. Lee, 470 U.S. 753, 755 (1985), this is not such a case. See Schmerber v. California, 384 U.S. 757, 772 (1966) (finding blood draws to be a minor intrusion). Buccal DNA swabs, hair samples, and fingerprinting have all been found to be minimally invasive, requiring, at most, ordinary probable cause. E.g., Haskell v. Harris, 669 F.3d 1049, 1060 ("The typical modern DNA collection procedure—the buccal swab—is far less invasive than the blood test approved in Schmerber. . . . [It] cannot seriously be viewed as an unacceptable violation of a person's bodily integrity."); id. at 1060 ("We agree with the dissent's concession that 'fingerprints and DNA are similar.' We also generally have no quarrel with the dissent's statement that the Supreme Court has 'held that fingerprints may not be taken unless there is consent, a warrant, or probable cause.'"); cf. United States v. Kincade, 379 F.3d 813, 836 n.31 (9th Cir. 2004) (en banc) (noting a distinction between routine fingerprint booking of arrestees for identification purposes—for which no additional suspicion is required—and fingerprinting of "free persons" for investigatory purposes").

Accordingly, the Court considers whether the United States has met its burden of demonstrating a fair probability of a particularized nexus between the Defendants, the bodily evidentiary items to be seized, and the criminal activity. It finds that it has. The Defendants were stopped and arrested while driving a vehicle identified as being at the

ORDER GRANTING MOTION TO COMPEL - 2

scene of one of the robberies.  See Dkt. # 1.  And a search of their homes resulted in the seizure of weapons, masks, and wigs matching the description of those used in the robberies, as well as the discovery of other evidence and vehicles tying them to the crimes.  See id. (describing in detail the evidence and its similarities).  The weapons, masks, and wigs have already been sent to the FBI laboratory in Quantico, Virginia, which found DNA, blond hairs resembling the Defendants', and fingerprint samples.  Dkt. ## 46-2. 46-3.  Accordingly, there is more than enough probable cause to tie the Defendants to the evidence and the evidence to the crime to justify the seizure of the requested samples from each Defendant.[2]

Moreover, the Court sees no reason to deny the United States' request as to the DNA or the fingerprints simply because the United States may have already procured similar samples.  As the United States' explains, the laboratory requests new DNA samples in order to confirm that the CODIS record is accurate.  Frankly, this is not only logical, but reassuring.  It minimizes the risk that an erroneous positive will result in the conviction of an innocent defendant.  And while Defendants may have been fingerprinted already in this case, major case prints—a far more thorough recording of all the friction detail ridges covering the hand—have not been obtained.

For all of the foregoing reasons, the Court thus GRANTS the United States' motion to obtain buccal swab DNA samples, hair samples, and major case prints from each Defendant.

DATED this 31st day of May, 2012.

*[signature]*
Robert S. Lasnik
United States District Judge

---

[2] This is especially true of Defendant Sexton given the laboratory's preliminary finding of a DNA match to the record of his DNA in the CODIS database.  Dkt. # 46-3.

ORDER GRANTING MOTION TO COMPEL - 3