UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>               Plaintiff,<br>    v.<br>JACK SEXTON and RONALD KETTELLS,<br>               Defendants. | Case No.  CR11-383RSL<br><br>ORDER DENYING MOTION FOR SEVERANCE OF COUNTS |

This matter comes before the Court on Defendant Ronald Kettells' "Motion for Severance of Counts" (Dkt. # 69) in which Defendant Jack Sexton has joined (Dkt. # 75). Defendants request that the Court sever counts II-IV from counts V-VIII in the Superseding Indictment[1] and hold two separate trials. Having reviewed the memoranda, declarations, and exhibits submitted by the parties, the Court finds as follows:

**I. BACKGROUND**

Defendants were initially charged with three counts of armed bank robbery and three counts of using a firearm during a crime of violence, relating to the August 8, 2011, robbery of a Key Bank in Seattle, Washington, the September 12, 2011, robbery of a Washington Federal bank in Seattle, Washington, and the October 20, 2011, and the robbery of a Wells Fargo Bank in Shoreline, Washington.  Dkt. # 23 at 4-7.  Sexton was

---

[1] After the motion to sever was filed, the government filed a Superseding Indictment. Dkt. # 76. Although Defendants' motion refers to the charges in the Indictment, the Court refers to the charges against Defendants as they are set forth in the Superseding Indictment.

ORDER DENYING MOTION - 1

also charged with one count of unarmed bank robbery for the July 6, 2011, robbery of a Key Bank in Shoreline, Washington. Id. at 4.  In the Superseding Indictment, in addition to the charges set forth above, the government alleges that Defendants participated in a conspiracy to commit bank robberies and use firearms while robbing the banks.  Dkt. # 76 at 1-2.  Defendants contend that counts II-IV related to the July 6, 2011, and August 8, 2011, bank robberies should be severed from the remaining counts and tried separately pursuant to Federal Rule of Criminal Procedure ("Rule") 14(a). Dkt. # 69 at 4.

Under Rule 14(a), the Court may order separate trials of separate counts "[i]f the joinder of offenses or defendants in an indictment, an information, or a consolidation for trial appears to prejudice a defendant or the government." Fed. R. Crim. P. 14(a). However, joinder is "the rule rather than the exception," United States v. Armstrong, 621 F.2d 951, 954 (9th Cir. 1980), and Defendants bear the burden of proving that a joint trial is "so manifestly prejudicial as to require the trial judge to exercise his discretion in but one way, by ordering a separate trial." United States v. Abushi, 682 F.2d 1289, 1296 (9th Cir. 1982).

Defendants have failed to meet that burden here. Their motion to sever emphasizes that separate trials are warranted because the evidence related to the September 12, 2011, and October 20, 2011, robberies will prejudice the jury's decisions regarding the charges associated with the July 6, 2011, and August 8, 2011, robberies. Dkt. # 69 at 5-8.  The Court disagrees.  First, it is well settled that concerns regarding a jury's ability to compartmentalize evidence may be cured by careful instructions to the jury on the purpose of various types of evidence. E.g., United States v. Vasquez-Velasco, 15 F.3d 833, 846 (9th Cir. 1994).  Second, as the government noted, joinder of counts does not heighten prejudice where the evidence concerning a separate count would be admissible upon severance. United States v. Johnson, 820 F.2d 1065, 1070

ORDER DENYING MOTION - 2

(9th Cir. 1987).  In a conspiracy case, the government may submit proof on the full extent of the conspiracy, including evidence of other offenses related to the conspiracy. United States v. Rizk, 660 F.3d 1125, 1131 (9th Cir. 2011).  Because evidence of each robbery would be admissible to establish the alleged conspiracy, Defendants' have not demonstrated a "clear," "manifest," or "undue" prejudice from the joint trial.  United States v. Escalante, 637 F.2d 1197, 1201 (9th Cir. 1980) (citation omitted).  Defendants' motion for severance of counts (Dkt. # 69) is therefore, DENIED.

DATED this 7th day of March, 2013.


*[signature]*
Robert S. Lasnik
United States District Judge

ORDER DENYING MOTION - 3