UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JACK PERSHING SEXTON,<br><br>               Petitioner,<br><br>    v.<br><br>UNITED STATES OF AMERICA,<br><br>               Respondent. | Case No. C16-412RSL<br><br>ORDER DENYING MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE UNDER 28 U.S.C. § 2255 |

This matter comes before the Court on petitioner Jack Pershing Sexton's motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. Dkts. ## 1, 12. The Court has considered the parties' memoranda, the exhibits, and the remainder of the record. For the reasons set forth below, the motion is DENIED.

## I.    BACKGROUND

After an eight-day trial, a jury convicted petitioner of one count of conspiracy to commit bank robbery (in violation of 18 U.S.C. § 371), three counts of armed bank robbery (18 U.S.C. §§ 2113(a) and (d)), and three counts of use of a firearm during and in relation to a crime of violence (18 U.S.C. § 924(c)(1)(A)(ii)). Case No. CR11-383RSL, Dkt. # 163. The presentence report (PSR) concluded that petitioner was eligible for a sentencing enhancement as a "career offender" under Sentencing Guideline § 4B1.1(a) because his instant and prior convictions of armed bank robbery qualified as "crime[s] of violence." CR Dkt. # 153 ¶ 46. The Guidelines generated a recommended sentence of 262 to 327 months, to be served consecutive to a 684-

ORDER DENYING MOTION UNDER 28 U.S.C. § 2255 - 1

month mandatory minimum sentence for use of a firearm during and in relation to a crime of violence. At sentencing, the Court sentenced petitioner to a total of 840 months' imprisonment. CR Dkt. # 163. Petitioner's conviction and sentence were affirmed on appeal. See United States v. Sexton, 586 F. App'x 304 (9th Cir. 2014).

On March 21, 2016, petitioner filed a pro se motion under 28 U.S.C. § 2255, challenging his conviction and sentence on multiple grounds. The Court later entered a *sua sponte* order appointing counsel to assist petitioner with a § 2255 claim pursuant to the Supreme Court's decision in United States v. Johnson, 135 S. Ct. 2551 (2015). Counsel filed an amended § 2255 motion on petitioner's Johnson claim. Dkt. # 12. The Court then stayed resolution of petitioner's motion pending the Ninth Circuit's decision in United States v. Watson, 881 F.3d 782 (9th Cir. 2018) (per curiam), which considered whether armed bank robbery is a "crime of violence" for purposes of 18 U.S.C. § 924(c).

## II. DISCUSSION

### A. Johnson Claim

Section 924(c) imposes a mandatory consecutive term of imprisonment for using or carrying a firearm "during and in relation to a crime of violence." 18 U.S.C. § 924(c)(1)(A). The statute provides two definitions of a crime of violence. Under § 924(c)'s so-called "force clause," a crime of violence is a felony that "has as an element the use, attempted use, or threatened use of physical force against the person or property of another." Id. § 924(c)(3)(A). Under § 924(c)'s "residual clause," a crime of violence is a felony "that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." Id. § 924(c)(3)(B).

Here, petitioner argues that armed bank robbery does not satisfy either definition of a crime of violence. He first contends that the residual clause is unconstitutionally vague under Johnson, which invalidated a similar clause in the Armed Career Criminal Act, id. § 924(e)(2)(B), and Welch v. United States, 136 S. Ct. 1257 (2016), which found Johnson retroactive on collateral review. Petitioner thus argues that the residual clause cannot support his conviction and sentence under § 924(c). Additionally, petitioner maintains that armed bank

ORDER DENYING MOTION UNDER 28 U.S.C. § 2255 - 2

robbery does not constitute a crime of violence under the force clause, because one could theoretically be convicted of armed bank robbery without intentionally using, threatening to use, or attempting to use physical force.

The Ninth Circuit's decision in Watson forecloses petitioner's claim. Like petitioner, the Watson petitioners argued that their convictions for using a firearm during a crime of violence were unlawful because the predicate offense—armed bank robbery (18 U.S.C. § 2113)—did not qualify as a crime of violence for purposes of § 924(c). The court squarely rejected that argument, without reaching the residual clause's constitutionality. Even the least violent form of bank robbery—bank robbery by intimidation—"requires at least an implicit threat to use the type of violent physical force necessary to" satisfy the force clause. Watson, 881 F.3d at 785 (quoting United States v. Gutierrez, 876 F.3d 1254, 1257 (9th Cir. 2017) (per curiam)). Bank robbery by intimidation also meets the mens rea requirement for a crime of violence. Id. Therefore, bank robbery under § 2113(a) invariably qualifies as a crime of violence for purposes of § 924(c). Because an armed bank robbery conviction under §§ 2113(a) and (d) "cannot be based on conduct that involves less force than an unarmed bank robbery requires," armed bank robbery also constitutes a crime of violence under § 924(c). Id. at 786.

Watson resolves petitioner's Johnson claim. Petitioner's conviction for armed bank robbery is a proper basis for his conviction and sentence under § 924(c).

**B.     Sentencing Guidelines**

Petitioner also relies on Johnson to dispute the Court's finding that he is a career offender under the Sentencing Guidelines. The Guidelines provide that a defendant is a career offender if, among other factors, "the defendant has at least two prior felony convictions of . . . a crime of violence" and "the instant offense of conviction is a felony that is . . . a crime of violence." U.S.S.G. § 4B1.1(a). Like § 924(c), the Guidelines provide two definitions of a crime of violence. The first, which mirrors the force clause of § 924(c), defines a crime of violence as a felony that "has as an element the use, attempted use, or threatened use of physical force against the person of another." U.S.S.G. § 4B1.2(a)(1). The second definition, at the time petitioner was sentenced, was nearly identical to the residual clause invalidated in Johnson. See id.

ORDER DENYING MOTION UNDER 28 U.S.C. § 2255 - 3

§ 4B1.2(a)(2) (2012). According to petitioner, armed bank robbery is not a crime of violence under the Guidelines, because Johnson renders § 4B1.2(a)'s residual clause unconstitutionally vague.

Petitioner's Guidelines challenge fails. Under longstanding Ninth Circuit precedent, petitioner's conviction of armed bank robbery qualifies as a "crime of violence" for purposes of § 4B1.2(a)'s force clause. United States v. Selfa, 918 F.2d 749, 751 (9th Cir. 1990). Moreover, the Supreme Court has expressly foreclosed the very Johnson claim petitioner raises. Beckles v. United States, 137 S. Ct. 886 (2017). "Because they merely guide the district courts' discretion," the Beckles Court explained, the Guidelines, including § 4B1.2(a)'s residual clause, are not subject to vagueness challenges under the Due Process Clause. Id. at 894. Accordingly, the Court correctly accepted the PSR's conclusion that petitioner is a career offender under the Guidelines.

## C. Ineffective Assistance of Counsel

In his pro se § 2255 motion, petitioner asserts that he was deprived of his Sixth Amendment right to effective assistance of counsel because his attorney failed to interview the government's expert witnesses before trial. Additionally, petitioner argues that he was denied effective assistance of counsel because his attorney declined to call petitioner's primary care physician as a witness at trial.

Claims of ineffective assistance of counsel are evaluated under the two-prong test set forth in Strickland v. Washington, 466 U.S. 668 (1984). Under Strickland, a defendant must prove that (1) counsel's performance was deficient, and (2) counsel's deficient performance prejudiced defendant. Id. at 687. With respect to Strickland's first prong, petitioner must show that counsel's performance fell below an objective standard of reasonableness. Id. at 688. Judicial scrutiny of counsel's performance must be highly deferential. Id. at 689. There is a strong presumption that counsel's performance fell within the wide range of reasonably effective assistance. Id. Strickland's second prong requires a showing of actual prejudice related to counsel's performance. To establish prejudice, petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have

ORDER DENYING MOTION UNDER 28 U.S.C. § 2255 - 4

been different." Id. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id.

Petitioner cannot show deficient performance or prejudice with respect to counsel's choice not to conduct pretrial interviews with the government's experts. The government called two expert witnesses: one expert in historical cell-site identification, who testified that cell-site records put petitioner's co-defendant near the scene of one of the bank robberies; and one DNA examiner, who testified to DNA evidence that linked petitioner and his co-defendant to the robberies. Petitioner asserts that his attorney "[did] not know[] what the expert witnesses would testify too [sic]" at trial. Dkt. # 1 at 5. The record suggests otherwise. The government provided defense counsel notice of the experts' identities and conclusions, and in its trial brief summarized its experts' anticipated testimony. See CR Dkt. # 15 at 11. Indeed, petitioner's counsel appeared well aware of the testimony the government's experts planned to offer: he sought to exclude specific aspects of the DNA examiner's anticipated testimony, CR Dkt. # 120 at 5, and at trial called a rebuttal expert in DNA analysis. There is no reasonable probability that the outcome of the trial would have been different had defense counsel conducted pretrial interviews with the government's experts.

Similarly, petitioner cannot show deficient performance or prejudice with respect to counsel's decision to refrain from calling petitioner's primary care physician as a witness at trial. Petitioner asserts that his physician would have testified to petitioner's physical inability to commit the bank robberies in the manner the government alleged. Petitioner makes no showing that his physician would have provided such testimony, and fails to overcome the presumption that the challenged decision was sound trial strategy. See Strickland, 466 U.S. at 689. Moreover, at trial defense counsel pressed the very argument petitioner says his physician's testimony would have supported. Counsel introduced a page of petitioner's medical records to show that petitioner has degenerative disc disease. He also suggested that petitioner was physically incapable of jumping onto a bank counter and running from the scene, as the government alleged. The jury convicted petitioner nonetheless. There is no reasonable probability that the

ORDER DENYING MOTION UNDER 28 U.S.C. § 2255 - 5

outcome of the trial, which produced overwhelming evidence of petitioner's guilt, would have been different had petitioner's physician testified.

Accordingly, the Court finds that petitioner was not deprived of effective assistance of counsel with respect to defense counsel's decisions regarding the physician or the pretrial expert interviews.

**D.  Double Jeopardy Claim**

Petitioner also asserts that the government violated the double jeopardy clause of the Constitution by prosecuting him for both armed bank robbery under 18 U.S.C. §§ 2113(a) and (d) and using a firearm during and in relation to a crime of violence under 18 U.S.C. § 924(c). Relatedly, petitioner claims that he received ineffective assistance of counsel because his attorney failed to raise the double jeopardy claim on appeal.

The Ninth Circuit has "repeatedly rejected" the very double jeopardy claim petitioner raises. United States v. Michlin, 34 F.3d 896, 900–01 (1994) (no double jeopardy violation where government charged petitioner with armed bank robbery and carrying a firearm during a crime of violence). Counsel's choice not to put forth a meritless argument does not constitute ineffective assistance. Accordingly, petitioner's double jeopardy claim fails, as does his related ineffective-assistance claim.[1]

### III.  CONCLUSION

For the foregoing reasons, the Court finds that petitioner has not demonstrated that his sentence should be vacated, set aside, or corrected. His petition, Dkts. ## 1, 12, is accordingly DENIED. The Court further finds that no evidentiary hearing is required because the record conclusively shows petitioner is not entitled to relief. See 28 U.S.C. § 2255(b). Likewise, petitioner has not substantially shown a denial of constitutional rights, and the Court concludes no certificate of appealability should issue. See id. § 2253(c)(2).

---

[1] Finally, in his pro se § 2255 motion, petitioner asserts a claim stemming from the jury being "out a long time." Petitioner suggests that the length of jury deliberations shows that the errors alleged in his petition were not "harmless." Given the conclusions above, the Court likewise rejects this derivative claim.

ORDER DENYING MOTION UNDER 28 U.S.C. § 2255 - 6

For the foregoing reasons, the Court ORDERS:

(1) Petitioner's motion, Dkts. ## 1, 12, is hereby DENIED; and

(2) Petitioner is DENIED a certificate of appealability under 28 U.S.C. § 2253.

DATED this 22nd day of May, 2018.

*[signature]*
Robert S. Lasnik
United States District Judge

ORDER DENYING MOTION UNDER 28 U.S.C. § 2255 - 7